**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEE V. TOWLES,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>JAMES DZURENDA, NDOC Director; et al.,<br><br>        Defendants-Appellees. | No.    18-16218<br><br>D.C. No. 3:17-cv-00177-RCJ-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted September 12, 2018[**]

Before:      LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Nevada state prisoner Dee V. Towles appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012)

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We may affirm on any basis supported by the record.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm in part, reverse in part, and remand.

The district court properly dismissed Towles's supervisory liability claims against defendants Dzurenda and Baca because Towles failed to allege facts sufficient to show that these defendants were personally involved in a constitutional violation or that their conduct caused any such violation.  *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

Dismissal of Towles's claim against the Nevada Department of Corrections was proper because Towles failed to allege facts sufficient to show that the alleged constitutional violation resulted from an official policy, practice, or custom.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (setting forth requirements for a § 1983 claim of municipal liability).

The district court did not abuse its discretion in denying Towles's motion for appointment of counsel because Towles failed to demonstrate exceptional circumstances.  *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

The district court dismissed Towles's deliberate indifference claim against

defendant Dr. Naughton for failure to state a claim. However, Towles alleged in his amended complaint that Dr. Naughton knew that Towles was in "fragile health status" and under "chronic care" for years but prescribed him new medication without consulting a drug interactions book, and that Towles suffered several heart attacks one month after he took the new medication. Liberally construed, these allegations "are sufficient to warrant ordering [Dr. Naughton] to file an answer." *Wilhelm*, 680 F.3d at 1116; *see also Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (prison officials act with deliberate indifference if they know of and disregard an excessive risk to inmate health). We reverse and remand for further proceedings on this claim only.

**AFFIRMED, in part, REVERSED in part, and REMANDED.**